UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAYDRA LEILA BEY,

        Plaintiff,

v.                                                                                    Case No. 11-10853
                                                                  Honorable Denise Page Hood

MAGISTRATE DAVID S. ROBINSON,
36TH DISTRICT COURT, and RICK
DEDVUKAJ,

        Defendants.

_____/

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on the Defendants' motions to dismiss, Defendant's motion to strike, and Plaintiff's motion for writ of mandamus. For the reasons stated below, the Court finds that this action must be dismissed and case closed.

**II.    BACKGROUND**

This is a companion action to *Bey v. Smith*, Case No. 10-1460, involving the tax foreclosure of Plaintiff's properties. Plaintiff now brings this action regarding the state eviction proceeding following the foreclosure of the property at issue in the companion action. In her Complaint, Plaintiff does not indicate which counts are against which defendants nor does she plead facts that demonstrate the basis of her relief. However, it appears that Plaintiff alleges that Judge David S. Robinson overstepped his judicial authority by evicting her when the companion case was still pending in this Court. Plaintiff also names Thirty-Sixth District Court, where Judge

Robinson sits, and Nick Dedvukaj (named incorrectly as Rick Dedvukaj), who purchased the property, in her Complaint.

### III.   STANDARD OF REVIEW

A 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

### IV.   ANALYSIS

#### A.   Judge David S. Robinson

Defendant, Judge David S. Robinson, is entitled to absolute judicial immunity. Judges generally enjoy immunity from a suit for damages when acting within their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id.* However, a judge will not be immune from suit in two circumstances: (1) acts outside judicial capacity, i.e. nonjudicial acts, and (2) acts "taken in the complete absence of all jurisdiction." *Id.* at 12. In determining whether an act is judicial in nature, the Court will look to whether the act is a normal function of a judge and whether the

parties dealt with the judge in his capacity as a judge. *Stump v. Sparkman*, 435 U.S. 349, 363 (1978). "A judge acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997).

Judge Robinson was acting within his authority as a judge. *See* MICH. COMP. LAWS 600.5704 ("The district court, municipal courts and the common pleas court of Detroit have jurisdiction over summary proceedings to recover possession of premises under this chapter."). Judge Robinson presided over the eviction proceedings and determined that Plaintiff did not have a right to possession of the property in dispute. This was not beyond the court's jurisdiction or an action not typical of a judge. Plaintiff's grievances are directly derivative of Judge Robinson presiding over the eviction proceedings and not Judge Robinson's acts as an individual. Nothing here suggests that Judge Robinson acted outside of his judicial capacity or in the complete absence of jurisdiction. The Court finds that Judge Robinson is entitled to absolute immunity. He is dismissed from this action.

      B.      The Thirty-Sixth District Court

"[T]he States and the Federal Government … possess[] certain immunities from suit in state and federal courts." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). "For the States, that immunity flows from the nature of sovereignty itself as well as the *Tenth* and *Eleventh Amendments to the United States Constitutions*." *Id.* This immunity applies to actions by a citizen of the State against the State, a citizen of a different state against the State, and actions against a state official in his official capacity for damages. *Id.* However, immunity does not attach to an entity that is not an "arm of the state," including counties and municipalities, or against a state official for injunctive relief. *Id.*

The Sixth Circuit has outlined factors to determine whether an entity is an "arm of the state:"

> (1) the State's potential liability for a judgment against the entity; (2) the language by which state statues and state courts refer to the entity and the degree of state control and veto power over the entity's actions; (3) whether state or local officials appoint the board members of the entity; and (4) whether the entity's functions fall within the traditional purview of state or local government."

*Ernst*, 427 F.3d at 359 (internal citations omitted). In *Pucci v. Nineteenth District Court*, the Sixth Circuit held that "[t]he Nineteenth District Court (as with Michigan trial-level district courts generally) is entitled to the immunity protections of the Eleventh Amendment." P*ucci v. Nineteenth Dist. Court*, 628 F.3d 752, 764 (6th Cir. 2010). Applying the factors listed in *Ernst*, the Sixth Circuit reasoned that the second, third, and fourth factors weighed in favor of granting the Nineteenth District Court, a third class district like Thirty-sixth District Court, immunity from suit in federal court: the Michigan Supreme Court has supervisory control over the district courts, the state maintains considerable control over the appointment and removal of judicial officers, and the courts maintains "a long-recognized state function." *Id*. at 761-64. The same analysis would apply here. "[T]here can be no doubt that all of Michigan's courts, including those trial-level courts funded by local funding units, are part of one, unified judicial branch of the state" and "[c]onsequently, just as the Michigan Supreme Court is an arm of the state, so is its" Thirty-sixth District Court. *See Pucci*, 628 F.3d at 763. Thirty-Sixth District court is entitled to immunity from suit and must be dismissed from this action.

### C.     Nick Dedvukaj

As to the individual Defendant, Nick Dedvukaj, Plaintiff does not have standing to contest Dedvukaj's possession of the property at issue. Plaintiff's property was foreclosed upon and subsequently sold at sheriff's sale. Plaintiff does not have standing to challenge Dedvukaj's

possession because she no longer has an interest in the property. The redemption period has expired and interest and title to the property vested with the government upon expiration of the redemption period when delinquent taxes were not paid. *See* MICH. COMP. LAWS 211.78k(5). Plaintiff "lost all [her] right, title, and interest in and to the property at the expiration of [her] right of redemption" and cannot no longer assert the rights of those with an interest. *Piotrowski v. State Land Office Bd.*, 188, 4 N.W.2d 514, 517 (Mich. 1942). Plaintiff did not attempt to redeem the property and her interest was extinguished. She cannot now challenge Dedvukaj who has an interest in the property. Plaintiff's complaint must be dismissed.

## V. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Defendants Motion to Dismiss **[Docket No. 4, filed March 22, 2011]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Set Aside Default Judgment and Dismiss Complaint, or alternatively, for More Definite Statement **[Docket No. 14, filed June 23, 2011]** is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, or alternatively, to Remand **[Docket No. 21, filed October 5, 2011]** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Writ of Mandamus **[Docket No. 15, filed June 24, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** and case is **CLOSED**.

Dated: December 30, 2011        s/Denise Page Hood
                                DENISE PAGE HOOD
                                UNITED STATES DISTRICT JUDGE

**11-10853 Bey v. Robinson, et al**
**Order**

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was mailed to **Jaydra Leila Bey** 1131 West Warren Ave #159, Detroit, MI 48201 and the attorneys of record on this date, Friday, December 30, 2011, by electronic and/or ordinary mail.

                                          s/Julie Owens
                                          Case Manager